1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DWAIN MIGUEL ARBO,

11            Plaintiff,                No. CIV S-03-2527 LKK PAN P

12        vs.

13   SHASTA COUNTY SHERIFF'S
     DEPARTMENT, et al.,
14
              Defendants.           ORDER
15   _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  On August 18, 2006, this court issued findings and

18   recommendations recommending dismissal of this action for plaintiff's failure to file a pretrial

19   statement, these findings and recommendations were served on all parties and contained notice to

20   all parties that any objections to the findings and recommendations were to be filed within twenty

21   days.  Plaintiff has filed objections to the findings and recommendations, in which he claims,

22   inter alia, that he has met the requirement of filing a pretrial statement, having filed a document

23   styled as an "Opening Statement" on July 25, 2005.  Plaintiff is advised that this document does

24   not meet the requirements for a pretrial statement set forth in Local Rule 16-281 et seq., or the

25   requirements of the court's scheduling order filed February 10, 2005.

26   /////

1

Good cause appearing, the findings and recommendations will be vacated. Plaintiff will be required to file a pretrial statement in accordance with the schedule set forth below. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend; ____ and

2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

/////

1. State the name, CDC Identification number, and address of each such witness;

and

2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is

3

1    made by the plaintiff or by the prospective witness, it must be specific

2    about what the incident was, when and where it occurred, who was

3    present, and how the prospective witness happened to be in a position to

4    see or to hear what occurred at the time it occurred.

5    The court will review and rule on the motion for attendance of incarcerated

6    witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the

7    court will issue the order necessary to cause the witness' custodian to bring the witness to court.

8    II.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who

9           Refuse to Testify Voluntarily

10   If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

11   testify voluntarily, the party should submit with his pretrial statement a motion for the attendance

12   of such witnesses.  Such motion should be in the form described above.  In addition, the party

13   must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

14   III.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

15          Agree to Testify Voluntarily

16   It is the responsibility of the party who has secured an unincarcerated witness'

17   voluntary attendance to notify the witness of the time and date of trial.  No action need be sought

18   or obtained from the court.

19   IV.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

20          Refuse to Testify Voluntarily

21   If a prospective witness is not incarcerated, and he or she refuses to testify

22   voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must

23   prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

24   witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party

25   seeking the witness's presence must tender an appropriate sum of money to the witness through

26   /////

4

the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed August 18, 2006, are vacated.

2.  Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before October 18, 2006.  Plaintiff is advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

3  Pretrial conference (as described in Local Rule 16-282) is set in this case for November 17, 2006 before the magistrate judge.  The pretrial conference shall be conducted on the file only, without appearance by either party.

4.  The date for jury trial before the Honorable Lawrence K. Karlton will be set in the pretrial order.

DATED:  September 25, 2006.

UNITED STATES MAGISTRATE JUDGE

14/arbo2527.vacFR